## M. A. Baccash et al. v. United States Tent & Awning Company.

### Gen. No. 13,195.

1. GUARANTY—*when non-joinder in action upon, does not appear.* A guaranty by two members of a co-partnership may be recovered upon without the joinder of a third co-partner who was not known to the guarantee and who neither authorized nor executed the guaranty, it not appearing that the guaranty was a partnership undertaking or made in the course of the partnership business.

2. GUARANTY—*what may be recovered under contract of.* In an action upon a guaranty only those matters directly covered by the terms of the guaranty may be made the basis of recovery.

3. JUDGMENT QUOD RECUPERET—*when should be entered.* Where an issue is joined on a plea in abatement, and the jury finds against the plea, the substantial merits of the plaintiff's cause of action are admitted and the question of the amount of damages alone remain to be determined.

Assumpsit. Appeal from the County Court of Cook county; the Hon. J. D. WELSH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed upon *remittitur.* Opinion filed June 25, 1907. *Remittitur* filed and judgment affirmed July 2, 1907.

**Statement by the Court.** The United States Tent & Awning Company, a corporation, brought assumpsit against M. A. Baccash and S. A. Saigh to recover damages on a contract of guarantee executed by them.

The record shows that July 27, 1905, the plaintiff and one K. E. Neimy entered into the following agreement:

"This agreement, entered into this 27th day of July, A. D. 1905, between the United States Tent & Awning Company, Inc., City of Chicago, County of Cook, State of Illinois, parties of the first part, and K. E. Neimy, party of the second part, Witnesseth:

"Whereas, the parties of the first part are the owners of three 20x50 black tents, lined all through, 10-ft. wall, poles, stakes, etc., which said tent the said parties of the first part are willing to lease to the parties of the second part on the terms mentioned below; and,

"Whereas, the parties of the second part desire to lease the said tents on such terms,

"Now, Therefore, the parties of the first part hereby agree to and do hereby deliver to the said party of the second part the said tents, etc., above described, and in consideration of the said delivery, the said party of the second part agrees to pay as a rental for the use of the said tents, etc., the sum of four hundred ninety-five dollars ($495) in a manner as follows:

"1.   Forty-five dollars cash when goods leave our factory.

"2.   Forty-five dollars August 14th, 21st and 28th. Total one hundred thirty-five dollars.

"3.   Three hundred and fifteen dollars September 4th, and upon the payment of the full sum above mentioned, the said tents, etc., is thereupon to become the property of the said parties of the second part; provided, however, that if, upon default in the payment of any of the sums, and at any of the times above mentioned, the said parties of the first part may immediately take possession of the said tents, without notice to the parties of the second part, and any such payments made prior thereto shall be forfeited and applied on account of the rental of said tents.

"4.   It is further agreed that the said tents shall be and remain the property of the said parties of the first part until the final payment of the above sum, and upon said final payment the said tents shall become the property of the parties of the second part; said tents, etc., to be used for carnival purposes in the United States, and parties of the second part is to keep the parties of the first part informed as to their whereabouts, when making the remittances at the times mentioned above. The said parties of the second part also hereby agree to pay any loss or damage from any cause whatsoever, which may be caused to the said tents, etc., or to replace same in as good condition as they received them, excepting ordinary wear and tear."

At the time of the execution of the above contract and as a part of the transaction, M. A. Baccash and S.

A. Saigh executed and delivered to the Awning Company the following guaranty:

"To THE UNITED STATES TENT & AWNING Co.:

We hereby guarantee the full performance of the contract with K. E. Neimy and agree to pay any loss or damage sustained by you for a default or failure on the part of the said K. E. Neimy to carry out all the provisions thereof.

BACCASH & SAIGH,

per M. A. BACCASH.

Signature witnesseth:

  S. A. SAIGH,

  W. F. DRIVER."

Neimy paid the first payment of $45 provided for in the contract on July 15, 1905. The tents were shipped to him to Burlington, Iowa. The second payment of $45 was not made. The plaintiff demanded payment from the defendants, who refused to pay or make any suggestion of settlement. Thereupon plaintiff sent Neumann, its agent, to Iowa, after notice to the defendants, to obtain payment or recover the property. Upon arriving at Mt. Pleasant, Iowa, Neumann discovered that the property in question had been delivered by Neimy to one Charles Willner under a bill of sale, together with a chattel mortgage on other property not here involved, as security for his (Neimy's) note for $200. Plaintiff, to prevent a loss of all the property, paid Willner $112, taking a transfer of the note, and shipped the property back to Chicago. When the property arrived here in Chicago, many of the pieces were missing and the property had been misused and damaged.

Plaintiff sued the defendants upon their guaranty for the default of Neimy and for the loss and damage sustained thereby. Defendants pleaded in abatement a nonjoinder of Joseph Baccash. Plaintiff replied to this plea and an issue of fact was formed on the plea. The trial of the cause resulted in a verdict for the plaintiff assessing plaintiff's damages at $450, and

after overruling defendants' motion for a new trial the court entered judgment on the verdict. This appeal is prosecuted to reverse the judgment.

KECK & CLARK, for appellants.

EDWARD R. LITZINGER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

It is urged as a ground of reversal that in an action against a firm on a partnership obligation, all partners composing the firm must be joined as parties defendant, except such partners as are dormant or secret; and that Joseph Baccash was not joined.

This contention is not in point under the facts and the pleadings. Appellants were sued as joint makers of the guaranty and are alleged to be co-partners therein, doing business under the firm name of Baccash & Saigh. The evidence tends to show that there was a firm of the same name doing business as merchants, having a store at No. 140 Sherman street, Chicago. But the evidence is uncontradicted that appellants alone signed the guaranty in question. It does not appear that the firm of Baccash & Saigh, composed of M. A. Baccash, Joseph Baccash and S. A. Saigh, ever authorized the execution of the guaranty or did in fact sign it. The verdict of the jury is supported by the evidence on that issue. According to the evidence Joseph Baccash was not known to appellee as a partner; and if he was a member of the firm, his connection therewith was dormant or secret. We cannot disturb the verdict of the jury on that ground.

Where an issue is joined on a plea in abatement, and the jury finds against the plea, the substantial merits of the plaintiff's cause of action are admitted. The question of the amount of damages, however, remains to be determined.

The court, in its rulings and by its instructions as to

the amount of damages, tried the case upon the theory that the defendants, if liable, were liable for all expenses incurred by appellee in sending Neumann to Iowa, and the expenses in shipping the property to Chicago, and also telegraph bills and money paid Willner for the note in order to obtain possession of the property in Iowa. Evidence was admitted as to all these items. The court, at the request of the plaintiff, appellee, gave to the jury the following instruction:

"1. The court instructs the jury that if you find the issues for the plaintiff you are required to assess the plaintiff's damages against the defendants, and in assessing the plaintiff's damages you have a right to allow to the plaintiff such amounts as were payable to the plaintiff in the form of rent up to the time the said property described in the contract was returned to the plaintiff, and you may allow to the plaintiff any loss or damage from any cause whatsoever, shown by the evidence to have been caused to the said tents, or any loss or damage arising through the default or failure on the part of said K. E. Neimy to return the tents in as good condition as they were received, excepting ordinary wear and tear, and you may allow to the plaintiff such sum or sums of money as the evidence shows to have been expended in and for the recovery of the said property and in returning the same to the possession of the said plaintiff, not exceeding the amount due on the contract for the purchase of the tents and less any credits shown to have been received by the plaintiff."

We are of the opinion that under the contract of guaranty appellants are not liable for the one hundred and twelve dollars paid by appellee to Willner for the purchase of his note and claim against Neimy, or for the freight for the transportation of the property back to Chicago and the railroad fare and expenses of Neumann to Iowa. We find no provision in the contract between appellee and Neimy which covers any such expenses or authorizes them to be charged up against Neimy. The contract does not provide that Neimy

should return the property in case of default. In the event of a default on Neimy's part it authorizes appellee to take possession without notice, but it does not provide for the expenses of taking possession, or for paying off liens upon the property. We think, therefore, the court erred in admitting evidence of such expenses and payments, and in giving the above instruction. The instruction authorizes the jury to allow to the plaintiff "any loss or damage arising through the default or failure on the part of said K. E. Neimy to return the tents," etc., and "such sum or sums of money as the evidence shows to have been expended in and for the recovery of said property and in returning the same to the possession of the said plaintiff, not exceeding," etc. This is broader and more comprehensive than the contract.

In our opinion, appellee, under the evidence in the record, is entitled to recover for the value of the property missing, $76.50, and for damage and depreciation, not caused by ordinary wear and tear, $45, and for the rent which it would have received if Neimy had carried out and performed the contract, $135, making in all $256.50.

If, therefore, appellee shall remit the sum of $193.50 from the judgment within ten days the judgment will be affirmed; otherwise for the errors indicated the judgment will be reversed and the cause remanded.

*Affirmed on remittitur; otherwise reversed and remanded.*

July 2, 1907, *remittitur* filed and judgment affirmed.